Case 4:19-cv-04816 Document 1-3 Filed on 12/11/19 in TXSD Page 1 of 7

5/8/2019 1:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33406353
By: Justin Fitzgerald
Filed: 5/8/2019 1:39 PM

## CAUSE NO. 2018-52342

| | | |
|---|---|---|
| **BHARGAVI RUMANDLA AND SITEJA KAKUMANU** | § | IN THE DISTRICT COURT |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | 055th JUDICIAL DISTRICT |
| | § | |
| **JOHN ANTHONY KHALSA AND** | § | |
| **PROGRESSIVE COUNTY MUTUAL** | § | HARRIS COUNTY, TEXAS |
| **INSURANCE COMPANY** | | |
| *Defendants* | | |

### PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, BHARGAVI RUMANDLA AND SITEJA KAKUMANU, hereinafter called Plaintiffs, complaining of and about JOHN ANTHONY KHALSA and PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2. Plaintiff, BHARGAVI RUMANDLA, is an Individual whose address is 15000 Park Row, Apt. 725 Houston, TX 77084. The last three digits of her social security number are 303.

3. Plaintiff, SITEJA KAKUMANU, is an Individual whose address is 7938 N. Glen Dr., Apt. 2074 Irving, TX 75063. The last three digits of her social security number are 234.

4. Defendant, JOHN ANTHONY KHALSA, is an Individual who is a resident of Texas. Said Defendant was previously served on December 24, 2018.

5. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY a Corporation based in Texas, is organized under the laws of the State of Texas, and service of

process on the Defendant may be effected pursuant to section 5.201 of the Texas Business Organizations Code, by serving the registered agent of the corporation, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has jurisdiction over the parties because Defendant, JOHN ANTHONY KHALSA, is a Texas resident.

8. This court has jurisdiction over Defendant, PROGRESSIVE COUNTY MUTUAL INSURANCE, because said PROGRESSIVE COUNTY MUTUAL INSURANCE purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9. Plaintiffs would show that PROGRESSIVE COUNTY MUTUAL INSURANCE had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

10. Plaintiffs would also show that the cause of action arose from or relates to the contacts of PROGRESSIVE COUNTY MUTUAL INSURANCE to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

11. Venue in Harris County is proper in this cause under Section 1952.110(2) of the Texas Insurance Code because the accident occurred in said county.

### IV. FACTS

12. On or about August 11, 2017, a motor vehicle accident involving Plaintiffs and

Defendant's insured Prince K. Maduekewe occurred when John Anthony Khalsa negligently collided his motor vehicle into the motor vehicle being driven by Defendant's insured.

13. As a direct and proximate cause of the accident, Plaintiffs sustained bodily injuries

## V. PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST JOHN ANTHONY KHALSA

14. Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

15. Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

16. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant failed to yield as a person of prudent care would have done;

   C. In that Defendant failed to turn his motor vehicle in an effort to avoid the collision complained of;

   D. In that Defendant failed to operate a motor vehicle as a person using ordinary prudent care would have done;

   E. In that Defendant failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring his motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

   F. In that Defendant failed to keep such distance away from Plaintiffs' motor vehicle as a person using ordinary prudent care would have done;

   G. In that Defendant was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

3

      H.      In that Defendant failed to apply his brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question.

## VI. CLAIM FOR UNDERINSURED/UNINSURED BENEFITS

17.      On August 11, 2017, the date of the accident, Defendant's insured was covered by insurance issued by Defendant, policy number 0371913587101, issued for dates that include the date of said accident. This policy included coverage for underinsured/uninsured motorists. Plaintiffs are valid "covered persons" under this policy as passengers of the insured.

18.      Defendant was timely informed of the accident and that Plaintiffs intended to make a claim under underinsured benefits in a letter dated September 19, 2017. Plaintiffs took reasonable steps after the loss to restore themselves back to health by obtaining and receiving medical attention and treatment.

19.      Plaintiffs sought recovery for bodily injuries sustained from John Anthony Khalsa. Any recovery was insufficient to compensate Plaintiffs. The policy limits of John Anthony Khalsa are less than the limit of liability stated in the underinsured coverage of the policy of Defendant's insured, and are not sufficient to cover Plaintiffs' medical expenses and compensate them for their pain and suffering. Plaintiffs hereby seeks recovery for injuries and property damage under underinsured/ uninsured coverage.

## VII. DAMAGES FOR PLAINTIFF BHARGAVI RUMANDLA

20.      As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff BHARGAVI RUMANDLA, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Bhargavi Rumandla for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services at the time and place provided;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Loss of earnings in the past;

    F.    Loss of earning capacity which will, in all probability, be incurred in the future;

    G.    Loss of Household Services in the past;

    H.    Loss of Household Services in the future;

    I.    Mental anguish in the past; and

    J.    Mental anguish in the future.

## VIII. DAMAGES FOR PLAINTIFF BHARGAVI RUMANDLA

21.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff SITEJA KAKUMANU, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $10,000,000.00:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Siteja Kakuman for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services at the time and place provided;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

  C. Physical pain and suffering in the past;

  D. Physical pain and suffering in the future;

  E. Loss of earnings in the past;

  F. Loss of earning capacity which will, in all probability, be incurred in the future;

  G. Loss of Household Services in the past;

  H. Loss of Household Services in the future;

  I. Mental anguish in the past; and

  J. Mental anguish in the future.

## IX. DEMAND FOR TRIAL BY JURY

22. Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## X. REQUEST FOR DISCLOSURE

23. Under Texas Rules of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, BHARGAVI RUMANDLA AND SITEJA KAKUMANU, respectfully pray that the Defendant, JOHN ANTHONY KHALSA and Defendant, PROGRESSIVE COUNTY MUTUAL INSURANCE, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and

further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Bergquist Law Firm

By: _____
**Maddison West**
Texas Bar No. 24104633
1333 West Loop S, Suite 1700
Houston, Texas 77027
Tel: (713) 655-8000
Fax: (713) 739-0000
mmw@bergquistlawfirm.com
Attorney for Plaintiffs
*SITEJA KAKUMANU AND BHARGAVI RUMANDLA*

Unofficial Copy Office of Marilyn Burgess District Clerk